IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWAYNE MCGEE RICHARDSON,

       Plaintiff,                          No. CIV S-04-0393 MCE GGH P

   vs.

D.L. RUNNELS, et al.,

       Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment filed March 1, 2006.

       Plaintiff has not filed an opposition to defendants' motion. In the order directing service filed March 25, 2004, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m). Defendants' notice of motion also directed plaintiff to Local Rule 78-230 for information regarding summary judgment.

       A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local

1

rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motion for summary judgment. In the alternative, the court finds that defendants' motion has merit.[1]

Accordingly, IT IS HEREBY RECOMMENDED that defendants' March 1, 2006, motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] To the extent that plaintiff makes an equal protection claim based on allegations of racial discrimination against black inmates in the lockdown procedures, defendants err in applying the deferential rational basis test, averring that its group lockdown procedure (affecting specific races and ethnic groups) employed is reasonably related to a legitimate government interest, under Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254 (1987). See Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005) (prison policy for racial classifications subject to strict scrutiny, requiring that the policy be narrowly tailored to serve a compelling state interest). Notwithstanding, plaintiff, for example, does not dispute defendants' argument that prison officials placed black inmates on lockdown based on the discovery of weapons and documented threats of violence by both Crips-associated black inmates as well as other black inmates involving Facilities, B, C, and D, resulting in a lockdown of all black inmates at High Desert State Prison, in December 2003, pending investigation, after which an unlock procedure began in March of 2004. Nor does he dispute that defendants were subjected to threats of assault by black inmates in Facility D, resulting in a suspension of the incremental unlock or that all the inmates (not just black inmates) of Facility D were placed on lockdown in April, 2004, due to missing dangerous contraband. Nor does plaintiff dispute the lockdowns instituted for white inmates (December 2002 and August 2003) and for southern Hispanic inmates (December 2002 and June 2003). Nor is defendants' argument disputed that at least two of the lockdowns during the period of which plaintiff complains were limited to those black inmates with a Crips gang affiliation (April 2003 and August 2003). Thus, plaintiff's contention that the prison employs lockdown procedures that discriminate against black inmates on the basis of race is not sufficiently supported.

1  days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4  shall be served and filed within ten days after service of the objections.  The parties are advised

5  that failure to file objections within the specified time may waive the right to appeal the District

6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED:   6/26/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

9  GGH:009/035
rich0393.46