IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWAYNE MCGEE RICHARDSON,

    Plaintiff,                    No. CIV S-04-0393 MCE GGH P

   vs.

D.L. RUNNELS, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment filed March 1, 2006. Plaintiff did not file an opposition to defendants' motion. Accordingly, on June 26, 2006, the court recommended that defendants' motion be granted. On July 10, 2006, plaintiff filed objections. On August 23, 2006, the court vacated the findings and recommendations and granted plaintiff thirty days to file an opposition. On September 21, 2006, plaintiff filed his opposition.

        Plaintiff, an African-American, alleges that African-American inmates at High Desert State Prison (HDSP) are discriminated against with regard to lockdowns. Plaintiff claims that prison officials impose lockdowns on all African-American inmates regardless of the gang affiliation of the African-American inmate who committed the misconduct, whereas prison

1

officials impose lockdowns only on the inmates affiliated with a particular prison gang for inmates of other races. For example, plaintiff alleges that when a Southern Hispanic inmate commits misconduct, only Southern Hispanics are placed on lockdown. Plaintiff alleges that his placement on lockdown status violated the Equal Protection Clause as well as his right to due process. Plaintiff also alleges that his denial of access to exercise during the lockdowns violated the Eighth Amendment.

*Plaintiff's Summary Judgment Default*

No one viewing this case would doubt the sincerity of plaintiff's perceptions that he, along with other African-American inmates, have been the victim of discrimination in lockdowns at High Desert State Prison. However, perceptions are not evidence, a sincere belief in hearsay is not an evidence exception, and summary judgment motions are decided on evidence submitted in an orderly process. Although the Ninth Circuit has seemingly carved out various procedural rule immunities for pro se parties despite other pronouncements to the contrary, to rule on the merits of defendants' motions would take this judicial officer over any legitimate line between adjudicator and advocate. For the reasons set forth below, plaintiff's opposition is tantamount to defaulting to defendants' summary judgment motion.

The Ninth Circuit has stated that pro se litigants must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (waiver of originally pled but omitted causes of action in amended complaint). As a general rule, the judge does not have to scour the record in efforts to find evidence which might defeat summary judgment, i.e., the litigant must supply the needed evidence within the motion or opposition. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir. 2001) (stating the rule for represented parties: "Other circuits are not unanimous, but Forsberg is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein."); but see Jones v. Blanas, 393 F.3d 918, 922-923 (9th Cir. 2004)

("[b]ecause Jones is pro se, we must consider as evidence in his opposition to summary judgment all of Jones [admissible] contentions offered in motions and pleadings [signed under penalty of perjury].")  It is difficult to square Jones with King because Jones clearly fashions a separate rule for pro se litigants, and does away with the "same rules of procedure that govern other litigants."

Moreover,

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment.  See Fed.R.Civ.P. 56(e); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir.1988).  Authentication is a "condition precedent to admissibility," FN6 and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." FN7 Fed.R.Evid. 901(a).  We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.

Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002) (footnotes omitted). But see Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (form of evidence is unimportant; only the substance matters, and as long as the substantive evidence "could" be made use of at trial, it does not have to be admissible per se at summary judgment.

A little background to the summary judgment process in this case is in order. Defendants filed this motion for summary judgment on March 1, 2006.  Plaintiff defaulted on his opposition.  On June 26, 2006, having heard nothing from plaintiff, the court issued its Findings recommending that summary judgment be awarded to defendants.  This filing got plaintiff's attention who objected to the Findings primarily on the basis that he had been awaiting word on a settlement offer and thought that he did not have to respond to the motion in the meantime.  The undersigned vacated his Findings on August 23, 2006, simply because plaintiff appeared to desire to prosecute his action.  An opposition to defendant's motion was later filed but without any declarations, documents, discovery responses, and no required fact-by-fact admission/denial of defendants' listed undisputed facts.  It is now essentially a year after defendants filed their motion.

\\\\\

1         Even without attempting to reconcile the above back and forth concerning the
2 standards of summary judgment applicable to this case, plaintiff fails to supply sufficient
3 information to defeat summary judgment.  Local Rule 56-260 (made available to pro se litigants)
4 requires that "[e]ach motion for summary judgment or summary adjudication be accompanied by
5 a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material
6 facts....  The opposition is required to reproduce the itemized facts and admit or deny such facts
7 with reference to evidence.  The requirement in the local rule is a nearly universal requirement so
8 that courts do not have to stitch together from voluminous briefs precisely what are disputed and
9 undisputed facts and speculate thereto.  Plaintiff has failed to do this, and the court should not
10 have to be in the position of attempting to contest on behalf of plaintiff each of the listed facts as
11 to each specific defendant.  Defendants listing of such undisputed facts entitles them to be found
12 as the undisputed facts of this case.   These undisputed facts demonstrate a prima facie defense to
13 the complaint's allegations.  See Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005)
14 (prison classification based on race is suspect and is subject to the same strict scrutiny as racial
15 classifications outside of prison; prison officials must demonstrate that race based policy or
16 action is narrowly tailored to serve a compelling state interest.)

17         Assuming for the moment that the court is tasked with creating such a list,
18 plaintiff supplies nothing by way of evidence, only argument as to what the facts are as he
19 perceives them.  Delving into the file does not assist plaintiff as his heretofore sworn allegations
20 are an indiscernible blend of personal knowledge, hearsay and conclusions.  In the words of the
21 summary judgment rule, plaintiff must show that he is competent to make the factual assertions
22 that he does make.  Fed. R. Civ. P. 56(e).  In addition, the vast bulk of documentary submissions
23 by plaintiff which appear in the file are not authenticated and do not help his case.  The court
24 should not speculate as to what facts in those documents plaintiff really is competent to testify to
25 and to what facts he is not.  The court should not be in the position of having to determine for
26 plaintiff which of the documents he has filed should be utilized by plaintiff (because they might

help his case) and which should not.  The undersigned should not be placed in the position of waiving any possible objections defendants may have to use of the speculated evidence.

       The undersigned has considered, but rejected, seeking appointment of counsel in this difficult-for-plaintiff, over three years old, factually intensive case.  The U.C. Davis clinic is overwhelmed with cases at this point.  And the court will not appoint the few volunteer counsel in the community, who have promised the court to take one case, at risk of not having those counsel available in another more potentially meritorious case.  Moreover, this would be a very expensive discovery case for counsel who would need to pursue due to the voluminous facts, and reimbursement for that expense from some available fund is far from certain.

       For the above reasons, summary judgment should be granted to defendants.[1]

       Accordingly, IT IS HEREBY RECOMMENDED that defendants' March 1, 2006, motion for summary judgment be granted.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\
\\\\\
\\\\
\\\\

---

[1] The undersigned emphasizes that he is not criticizing plaintiff.  In analogous respects, plaintiff is in the position the undersigned would find himself if tasked with completely wiring a house for electricity – certainly a very difficult, pro se capacity for the undersigned.  Nevertheless, the housing inspector is not going to pass the wiring job simply because the undersigned is pro se, and more to the point, the inspector is not going to do the job for the undersigned.

5

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 2/22/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

rich393.46